IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAJAL DAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-1454-N-BD |
| | § | |
| NEW YORK CITY POLICE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On June 30, 2011, plaintiff filed this *pro se* civil action against the New York City Police alleging that he was unfairly stopped and ticketed for failing to notify the Department of Motor Vehicles of an address change. Because plaintiff paid the statutory filing fee, the court advised him that he was responsible for serving the defendant with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Order, 7/1/11, *citing* FED. R. CIV. P. 4(c). Plaintiff was told that any defendant not served within 120 days after the complaint was filed would be subject to dismissal without prejudice. *See id., citing* FED. R. CIV. P. 4(m).[1]

When plaintiff failed to serve the defendant within the 120-day period, the court ordered him to show cause why this case should not be dismissed without prejudice. *See* Order, 11/8/11. The show cause order warns that "[u]nless plaintiff demonstrates good cause for failing to serve the

---

[1] Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

defendant with a summons and a copy of the complaint, the court intends to dismiss this case without prejudice." *See id.* Plaintiff was ordered to file a written response to the show cause order by November 22, 2011, but failed to do so. The court therefore determines that dismissal is proper under Rule 4(m).

## RECOMMENDATION

This case should be dismissed without prejudice due to plaintiff's failure to serve defendant within 120 days after the filing of his complaint.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE